**SULAIMAN LAW GROUP**
Alexander J. Taylor
2500 South Highland Ave
Suite 200
Lombard, Illinois 60148
Telephone: 331-307-7646
Facsimile: 630-575-8188
E-Mail: ataylor@sulaimanlaw.com
*Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| LADONNA LONG,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendant. | Case No. 8:25-cv-01833<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681** *et seq.*<br><br>**JURY TRIAL DEMANDED** |

**<u>COMPLAINT</u>**

**NOW COMES** LADONNA LONG ("Plaintiff"), by and through the undersigned counsel, complaining as to the conduct of EXPERIAN INFORMATION SOLUTIONS, INC. ("EX") ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Credit Reporting Act ("FCRA"), pursuant to 15 U.S.C. § 1681 *et seq.*

1

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FCRA, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) as a substantial part of the events or omissions giving rise to Plaintiff's claims against Defendant occurred in the Central District of California.

## PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, resided in Georgia.

5. Experian is a consumer reporting agency that maintains credit information on millions of U.S. consumers and businesses. Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the State of Georgia.

## FACTS SUPPORTING CAUSE OF ACTION

6. In January 2024, Plaintiff signed an apartment lease agreement with the Georgia Apartment Association for an apartment at 400 Winchester in Atlanta, Georgia ("subject account").

7. In May 2024, an inspection was conducted showing Plaintiff's apartment to be unsuitable for living due to mold.

8.  In June 2024, due to the mold issues, Erica Fuller, the regional manager at 400 Winchester, informed Plaintiff she could be **released from her lease without penalty**, due to the living situation.

9.  Plaintiff never occupied the apartment after receiving this email.

10. In July 2024, Plaintiff was charged for rent, despite not living in the apartment due to hazardous living conditions and receiving additional notices from Ms. Fuller stating a further inspection found more issues necessitating further repairs.

11. Consequently, Plaintiff was sent a cancellation agreement that was different to the promised terms of being released without penalty. Plaintiff refused to sign as this proposed new agreement limited her ability to pursue her rights and recover damages for the medical issues and other damages the mold caused.

12. Subsequently, the subject account was improperly placed with National Credit Systems, Inc. ("NCS") for collection.

13. In November 2024, after realizing that NCS was inaccurately reporting the collection account on her Experian credit report, Plaintiff submitted a formal credit dispute with Defendant, detailing the inaccuracies and the false balance of $2,038 that was being reported.

14. Upon information and belief, NCS received notice of Plaintiff's dispute within five days of Plaintiff initiating the dispute with Experian. *See* 15 U.S. Code §1681i(a)(2).

15. Despite receiving this dispute, Defendant has continued to erroneously

report the subject account.

16. Defendant failed to reasonably investigate Plaintiff's credit disputes. In spite of the fact that the subject account was not owed, Defendant failed to delete the tradeline from her credit files, Defendant continued to report the subject account on Plaintiff's Experian consumer credit files.

17. The account remains on Plaintiff's credit report, with NCS continuing to inaccurately report the balance.

18. The reporting of the NCS tradeline is patently inaccurate and materially misleading.

19. Any reasonable investigation engaged by Defendant would and should have revealed the materially misleading nature of the information on Plaintiff's consumer credit report.

20. Experian's materially misleading conduct has severely disrupted Plaintiff's daily life and general well-being as Plaintiff constantly feared her creditworthiness was in jeopardy.

21. Concerned about the violations of her rights, Plaintiff was forced to seek the assistance of counsel to file this action to prevent Defendant from further deception in the future.

22. Any reasonable investigation by Defendant would have revealed the inaccuracy of the information on Plaintiff's consumer credit reports.

## COUNT I – VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

23. Plaintiff restates and realleges paragraphs 1 through 22 as though fully set forth herein.

24. Defendant is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

25. Defendant is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

26. At all times relevant, the above-mentioned credit reports were "consumer reports" as that term is defined by § 1681a(d).

27. At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. § 1681a(c).

28. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

29. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

30. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information or delete the item within 30 days of receiving the dispute. 15 U.S.C. §

5

1681i(a)(1)(A).

31. Plaintiff provided Defendant with all relevant information in their request for investigation into Plaintiff's disputed account and that the NCS trade line should be corrected in November 2024.

32. Defendant prepared Plaintiff's credit reports containing inaccurate and materially misleading information by reporting the NCS account with a balance of $2,038 and failed to properly investigate Plaintiff's dispute after being put on notice.

33. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, Experian prepared patently false and materially misleading consumer reports concerning Plaintiff.

34. Defendant violated 15 U.S.C. § 1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently correct the information in Plaintiff's credit files.

35. Defendant violated 15 U.S.C. § 1681i(a)(2) by failing to provide notification of Plaintiff's dispute to NCS. Upon information and belief, Experian also failed to include all relevant information as part of the notice to NCS regarding Plaintiff's dispute that Defendant received from Plaintiff.

36. Defendant violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the

account.

37. Defendant violated 15 U.S.C. § 1681i(a)(5) by failing to correct the inaccurate information that was the subject of Plaintiff's dispute.

38. Defendant violated 15 U.S.C. § 1681i(a)(5)(B) by reporting disputed information without certification from NCS that the information was complete and accurate.

39. Defendant knew that the inaccurate reporting of the account would have a significant adverse impact on Plaintiff's creditworthiness and their ability to receive financing and/or credit opportunities.

40. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

41. Despite actual knowledge that Plaintiff's credit file contained erroneous information, Defendant readily sold and disseminated Plaintiff's inaccurate and misleading reports to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

42. By deviating from the standards established by the credit reporting industry and the FCRA, Experian acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

43. It is Defendant's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

7

44. Defendant's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting their credit information accurately.

45. Defendant acted reprehensively and carelessly by reporting the subject account with a balance of $2,038 after Plaintiff put Defendant on notice that the trade line was to be deleted.

46. Defendant has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

**WHEREFORE**, Plaintiff LADONNA LONG respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a. A finding that Experian's conduct as set forth herein violated the FCRA;

    b. An Order enjoining Experian from reporting the fraudulent account;

    c. An award of compensatory damages to Plaintiff to be determined by the jury;

    d. An award of statutory damages of $1,000.00 for each violation of the FCRA;

    e. An award of punitive damages to be determined by the jury; and

    f. An award of reasonable attorney's fees and costs pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

    **g.**    Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Date: August 19, 2025

Respectfully submitted,

By: */s/ Alexander J. Taylor*
Alexander J. Taylor, Esq.
Atlas Consumer Law
2500 S. Highland Avenue, Suite 200
Lombard, Illinois
Telephone: 331-307-7646
Facsimile: 630-575-8188
E-Mail: ataylor@sulaimanlaw.com